## FARMER v. CITY OF TULSA.

No. 35854.

Supreme Court of Oklahoma.

Dec. 8, 1953.

Sam D. Glass, Tulsa, for plaintiff in error.

Harry M. Crowe, Jr., Tulsa, for defendant in error.

ARNOLD, Justice.

This is an appeal from the Court of Common Pleas of Tulsa County.

In support of the allegations of her petition plaintiff offered evidence tending to show that she was the owner of certain property located at 1501 East Admiral in the City of Tulsa upon which was situated a building used as a filling station and work incident thereto; that on January 30, 1952, the Tulsa Water Department was engaged in digging a ditch approximately 3 feet deep for water lines directly across the street south from plaintiff's property; that in the digging of said ditch the city used heavy construction machinery consisting of a caterpillar and ditching machine; that in digging said ditch the city uncovered a gas line owned by Oklahoma Natural Gas Company which ran at right angles to the ditch; that this gas line was an inch and a quarter service line and was about twenty-four to thirty inches below the top of the ditch; that the construction of the ditch broke an abandoned sewer line which had one end open and exposed in the ditch, at about the same level as the gas line and about 14 feet

from the gas line, and the other end which was also open and exposed adjacent to and terminating at approximately the north property line of plaintiff; that at the close of the day's work the city put out kerosene flares with an open, exposed flame along each side of the ditch; that about 6:45 a. m. on the following morning, January 31, 1952, an explosion and fire occurred in said open ditch at the site of the gas line and about thirty seconds later a second explosion and fire occurred in said abandoned open sewer line, from which fire plaintiff's property caught fire and burned to the ground; that gas was coming from the broken gas line and burned two feet above the ditch until the city employees brought the fire under control; that there was a break in the gas line approximately one-eighth of an inch wide and running half way around the circumference of the gas line; that this break was clearly visible; that the ditching machine had dug the ditch where the explosion occurred the day before it happened.

At the conclusion of plaintiff's evidence the court sustained defendant's demurrer to the evidence, provoking this appeal.

The sole question before this court is whether plaintiff's evidence was sufficient to make out a prima facie case of negligence on the part of the city. In this connection the sole contention is that without inference upon inference the evidence is not sufficient to show negligence and proximate relationship.

Whether the city caused the break in the gas line or whether it merely uncovered an old break may be inferred. This is the only inference necessary to be drawn. There was direct testimony that there was a break in the gas line, that gas escaped therefrom, that it became ignited and that from such fire plaintiff's property caught fire and burned. How the escaping gas became ignited, whether from the smudge pots placed along the ditch or from other means, must be inferred but this inference is not necessary to establish negligence against the city and the proximate relationship thereof to the injury complained of. It is only where from a necessary inference another inference must necessarily be drawn in order to establish liability that the rule against inference upon inference applies.

The break in the line was not a latent defect. The evidence by inference as disclosed supra is that the employees of the city broke the line and left it uncovered or that they uncovered a broken line leaving the gas escaping.

The cause should have been submitted to the jury.

Reversed.